UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LUIS CARBAJAL,

        Petitioner,

v.                                     Case No. 3:19-cv-622-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

        Respondents.

## ORDER

### I. Status

Petitioner Luis Carbajal, an inmate of the Florida penal system, initiated this action on May 16, 2019,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1).[2] He filed an Amended Petition (Doc. 4) on June 20, 2019. In the Amended Petition, Carbajal challenges a 2014 state court (Duval County, Florida) judgment of conviction for attempted first degree murder and possession of a firearm by a convicted felon. He raises five grounds for relief. See Amended Petition at 4-15. Respondents have submitted a memorandum in opposition to the Amended Petition, arguing that the

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Amended Petition is untimely. See Answer to Amended Petition for Writ of Habeas Corpus (Response; Doc. 6). They also submitted exhibits. See Docs. 6-1 through 6-6.  Carbajal filed a brief in reply. See Amended Reply (Doc. 12). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Carbajal has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d), and Carbajal argues that he did timely file his Petition. See Reply at 2-6; see also Amended Petition at 19. The following procedural history is relevant to the one-year limitations issue. On October 3, 2012, the State of Florida charged Carbajal by Information in Duval County case number 16-2012-CF-008993-AXXX-MA, with attempted first degree murder (count one) and possession of a firearm by a convicted felon (count two). See Doc. 6-1 at 44. On October 11, 2013, at the conclusion of a trial, the jury found Carbajal guilty of both counts. See id. at 103-06, Verdicts. On February 6, 2014, the circuit court sentenced Carbajal to life imprisonment with a mandatory minimum term of twenty-five years for count one and a term of imprisonment of ten years with a mandatory minimum term of three years for count two, to run concurrently with count one. See id. at 144-52, Judgment.

3

On May 20, 2014, Carbajal, with the benefit of counsel, filed a motion to correct sentencing error. See Doc. 6-3 at 111-15. The court granted the motion on September 17, 2014, and vacated the sentence as to count one. See id. at 133-35. On November 25, 2014, the court resentenced Carbajal to a term of imprisonment of fifty years with a mandatory minimum term of twenty-five years for count one. See Doc. 6-4 at 4-10.

On direct appeal, Carbajal, with the benefit of counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). See id. 107-19. According to the state-court record, Carbajal did not file a pro se brief, nor did the State file an answer brief. See onlinedocketsdca.flcourts.org, Luis Amador Carbajal v. State of Florida, 1D14-0804 (Fla. 1st DCA). On August 4, 2015, the First District Court of Appeal (First DCA) affirmed Carbajal's convictions and sentences, see Doc. 6-4 at 126, and issued the mandate on September 1, 2015, see id. at 128.

As Carbajal's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Carbajal's convictions and sentences became final when the time for filing a petition for certiorari in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198

4

(11th Cir. 2018). Therefore, the time for Carbajal to file a petition for writ of certiorari expired on Monday, November 2, 2015 (ninety days after August 4, 2015). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Carbajal had until November 2, 2016, to file a federal habeas petition. He did not file the instant Petition until May 16, 2019. Thus, the Petition is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The one-year limitations period began to run on November 3, 2015, and ran for 265 days until July 25, 2016, when Carbajal, with the benefit of counsel, filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Doc. 6-4 at 134-75. The circuit court denied the Rule 3.850 motion on December 19, 2017. See Doc. 6-5 at 107-19. The First DCA affirmed the circuit court's denial per curiam on December 21, 2018, see Doc. 6-6 at 15, and issued the mandate on January 11, 2019, see id. at 18.

The one-year limitation period began to run again the next day, January 12, 2019, and ran for 124 days until May 16, 2019, when Carbajal filed his Petition. Given the record, Carbajal's Petition is untimely filed, and due to be dismissed unless Carbajal can establish that equitable tolling of the statute of limitations is warranted. "When a prisoner files for habeas corpus relief outside

5

the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Carbajal to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In his Reply, Carbajal argues that he is entitled to equitable tolling because he experienced numerous prison transfers, property restrictions, loss of legal documents, untimely incoming and outgoing mail, and restrictive access to the law library. See Reply at 4-5. In support of his assertions, he attaches a 72-hour property restriction form, dated January 12, 2019, see Doc.

6

12-3 at 2, and a May 10, 2019 memorandum explaining that his legal property would be forwarded from Hamilton Correctional Institution Annex Law Library to Hamilton's Main Unit Law Library, see id. at 3. Notably, in his Petition and Amended Petition, Carbajal raised ineffective-assistance-of-trial-counsel claims that are substantially similar to those he presented in his counseled Rule 3.850 motion. See Doc. 6-4 at 147, 154, 159, 162, 166, 173. Upon review, the Court finds that Carbajal has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition.

Indeed, the Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, pro se litigants, like other litigants, "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Carbajal simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Carbajal seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Carbajal "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon

consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Carbajal appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of January, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-1 12/30
c:
Luis Carbajal, FDOC #J51384
Counsel of Record

10